Michael Faillace [MF-8436]
MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

-------------------------------------------------------X
GABRIEL COYOTECATL SANCHEZ, *individually and on behalf of others similarly situated,*

*Plaintiff,*

-against-

JANET'S PIZZERIA INC. (D/B/A JANET'S PIZZA), SILVANO DIAZ AND JUAN DOMINGUEZ GUADALUPE,

*Defendants.*

-------------------------------------------------------X

**COMPLAINT**

**COLLECTIVE ACTION UNDER 29 U.S.C. § 216(b)**

**ECF Case**

Plaintiff Gabriel Coyotecatl Sanchez ("Plaintiff Coyotecatl" or "Mr. Coyotecatl"), individually and on behalf of others similarly situated, by and through his attorneys, Michael Faillace & Associates, P.C., upon his knowledge and belief, and as against Janets Pizzeria Inc. (D/B/A Janet's Pizza), ("Defendant Corporation") Silvano Diaz and Juan Dominguez Guadalupe (Individual Defendants), (collectively, "Defendants"), respectfully alleges as follows:

## NATURE OF ACTION

1. Plaintiff Coyotecatl is a former employee of Defendants Janet's Pizzeria Inc. (D/B/A Janet's Pizza), Silvano Diaz and Juan Dominguez Guadalupe.

2. Defendants own, operate, or control a pizzeria, located at 8619 4th Ave, Brooklyn, NY 11209 under the name Janet's Pizza.

3. Upon information and belief, Individual Defendants Silvano Diaz and Juan Dominguez Guadalupe serve or served as owners, managers, principals, or agents of Defendant Corporation and, through this corporate entity, operate or operated the pizzeria as a joint or unified enterprise.

4. Plaintiff Coyotecatl was an employee of Defendants.

5. Plaintiff Coyotecatl was employed as a pizza maker at the pizzeria located at 8619 4th Ave, Brooklyn, NY 11209.

6. At all times relevant to this Complaint, Plaintiff Coyotecatl worked for Defendants in excess of 40 hours per week, without appropriate spread of hours pay and overtime compensation for the hours that he worked.

7. Rather, Defendants failed to maintain accurate recordkeeping of the hours worked and failed to pay Plaintiff Coyotecatl appropriately for any hours worked, either at the straight rate of pay or for any additional overtime premium.

8. Further, Defendants failed to pay Plaintiff Coyotecatl the required "spread of hours" pay for any day in which he worked over 10 hours per day.

9. Defendants' conduct extended beyond Plaintiff Coyotecatl to all other similarly situated employees.

10. At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Coyotecatl and other employees to work in excess of forty (40) hours per week without providing the overtime compensation required by federal and state law and regulations.

11. Plaintiff Coyotecatl now brings this action on behalf of himself, and other similarly situated individuals, for unpaid overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 et seq. ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 et seq. and 650 et seq. (the "NYLL"), and the "spread of hours" and overtime wage orders of the New York Commissioner of Labor codified at 12 N.Y.C.R.R. § 146-1.6 (herein the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees and costs.

12. Plaintiff Coyotecatl seeks certification of this action as a collective action on behalf of himself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

**JURISDICTION AND VENUE**

13. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiff Coyotecatl's state law claims under 28 U.S.C. § 1367(a).

14. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b) and (c) because all, or a substantial part of the events giving rise to the claims occurred in this district. Defendants employed Plaintiff Coyotecatl and similarly situated workers within this district, and the pay practices challenged in this Complaint were applied within this district.

**THE PARTIES**

*Plaintiff*

15. Plaintiff Gabriel Coyotecatl Sanchez ("Plaintiff Coyotecatl" or "Mr. Coyotecatl") is an adult individual who resides in Kings County, NY.

16. Plaintiff Coyotecatl was employed by Defendants at Janet's Pizza from approximately March 19, 2026 through approximately August 10, 2026.

17. Plaintiff Coyotecatl consents to being a party plaintiff pursuant to 29 U.S.C. § 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

*Defendants*

18. At all relevant times, Defendants own, operate, or control a pizzeria, located at 8619 4th Ave, Brooklyn, NY 11209.

19. Upon information and belief, Defendant Janet's Pizza is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 8619 4th Ave, Brooklyn, NY 11209.

20. Defendant Silvano Diaz is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Silvano Diaz is sued individually in his capacity of owner, officer, and/or agent of Defendant Corporation. Defendant Silvano Diaz possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. Defendant Silvano Diaz determines the wages and compensation of the employees of Defendants, including Plaintiff Coyotecatl, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

21. Defendant Juan Dominguez Guadalupe is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Juan Dominguez Guadalupe is sued individually in the capacity of owner, officer, and/or agent of Defendant Corporation. Defendant Juan Dominguez Guadalupe possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. Defendant Juan Dominguez Guadalupe determines the wages

and compensation of the employees of Defendants, including Plaintiff Coyotecatl, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

22. Defendants operate a pizzeria located in the Bay Ridge section of Brooklyn in New York City.

23. Individual defendants Silvano Diaz and Juan Dominguez Guadalupe possess operational control over Defendant Corporation, possess ownership interests in Defendant Corporation, and control significant functions of Defendant Corporation.

24. Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

25. Each Defendant possessed substantial control over Plaintiff Coyotecatl's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Coyotecatl, and all similarly situated individuals, referred to herein.

26. Defendants jointly employed Plaintiff Coyotecatl (and all similarly situated employees) and are Plaintiff Coyotecatl's (and all similarly situated employees') employers within the meaning of 29 U.S.C. § 201 et seq. and the NYLL.

27. In the alternative, Defendants constitute a single employer of Plaintiff Coyotecatl and/or similarly situated individuals.

28. Upon information and belief, Individual defendants, Silvano Diaz and Juan Dominguez Guadalupe operate Defendant Corporation as either an alter ego of themselves and/or

fail to operate Defendant Corporation as an entity legally separate and apart from themselves, by among other things:

(a) failing to adhere to the corporate formalities necessary to operate Defendant Corporation as a Corporation,

(b) defectively forming or maintaining Defendant Corporation by, among other things, failing to hold annual meetings or maintaining appropriate corporate records;

(c) transferring assets and debts freely as between all Defendants;

(d) operating Defendant Corporation for their own benefit as the sole or majority shareholders,

(e) operating Defendant Corporation for their own benefit and maintaining control over this corporation as a closed corporation,

(f) intermingling assets and debts of their own with Defendant Corporation;

(g) diminishing and/or transferring assets of Defendant Corporation to avoid full liability as necessary to protect their own interests, and

(h) other actions evincing a failure to adhere to the corporate form.

29. At all relevant times, Defendants were Plaintiff Coyotecatl's employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiff Coyotecatl, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiff Coyotecatl's services.

30. In 2026, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

31. In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, numerous items that were used in the pizzeria on a daily basis are goods produced outside of the State of New York.

*Individual Plaintiff*

32. Plaintiff Coyotecatl is a former employee of Defendants who was employed as a pizza maker.

33. Plaintiff Coyotecatl seeks to represent a class of similarly situated individuals under 29 U.S.C. § 216(b).

*Plaintiff Gabriel Coyotecatl Sanchez*

34. Plaintiff Coyotecatl was employed by Defendants from approximately March 19, 2026 until on or about August 10, 2026.

35. Defendants employed Plaintiff Coyotecatl as a pizza maker.

36. Plaintiff Coyotecatl regularly handled goods in interstate commerce, such as supplies and other goods produced outside the State of New York.

37. Plaintiff Coyotecatl's work duties required neither discretion nor independent judgment.

38. Throughout his employment with Defendants, Plaintiff Coyotecatl's regularly worked in excess of 40 hours per week.

39. From approximately March 16, 2026 until on or about July 1, 2026, Plaintiff Coyotecatl worked from approximately 10:00 a.m. until on or about 9:30 p.m., Mondays through Fridays (typically 57.5 hours per week)

40. Plaintiff Coyotecatl regularly worked shifts spanning more than ten hours 5 days each week.

41. Throughout his employment, Defendants paid Plaintiff Coyotecatl his wages in cash.

42. From approximately March 16, 2026 until on or about July 1, 2026, Defendants paid Plaintiff Coyotecatl a fixed salary of $900.00 per week.

43. Plaintiff Coyotecatl's pay did not vary even when he was required to stay later or work a longer day than his usual schedule.

44. Specifically, Defendants required Plaintiff Coyotecatl to work an additional 15 minutes past his scheduled departure time three or four days a week and did not pay him for the additional time he worked.

45. Defendants did not grant Plaintiff Coyotecatl any breaks or meal periods of any kind.

46. Plaintiff Coyotecatl was not required to keep track of his time, nor to his knowledge did the Defendants utilize any time tracking device, such as punch cards, that accurately reflected his actual hours worked.

47. No notification, either in the form of posted notices or other means, was ever given to Plaintiff Coyotecatl regarding overtime and wages under the FLSA and NYLL.

48. Defendants did not provide Plaintiff Coyotecatl an accurate statement of wages, as required by NYLL 195(3).

49. Defendants did not give any notice to Plaintiff Coyotecatl, in English and in Spanish (Plaintiff Coyotecatl's primary language), of his rate of pay, employer's regular payday, and such other information as required by NYLL §195(1).

50. As a result of Defendants' failure to provide Plaintiff Coyotecatl with a Notice of Pay Rate or accurate Wage Statements with each payment of wages, he was prevented from: (i)

comparing his rate of pay to his hours worked; (ii) realizing that he was underpaid; and (iii) advocating for himself and/or taking appropriate action to obtain the payments due to him.

*Defendants' General Employment Practices*

51. At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Coyotecatl (and all similarly situated employees) to work without paying him appropriate overtime compensation and spread of hours pay as required by federal and state laws.

52. Plaintiff Coyotecatl was a victim of Defendants' common policies and practices which violate his rights under the FLSA and New York Labor Law by, inter alia, not paying him the wages he was owed for the hours he worked.

53. Defendants habitually required Plaintiff Coyotecatl to work additional hours beyond his regular shifts but did not provide him with any additional compensation.

54. Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and NYLL by failing to maintain accurate and complete timesheets and payroll records.

55. Defendants paid Plaintiff Coyotecatl his wages in cash.

56. Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices regarding the applicable wage and hour requirements of the FLSA and the New York Labor Law.

57. Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff Coyotecatl (and similarly situated individuals) worked, and to avoid paying Plaintiff Coyotecatl properly for his full hours worked.

58. Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

59. Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiff Coyotecatl and other similarly situated former workers.

60. Defendants failed to provide Plaintiff Coyotecatl and other employees with accurate wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

61. Defendants failed to provide Plaintiff Coyotecatl and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

62. As a result of Defendants' failure to provide Plaintiff Coyotecatl and other employees a Notice of Pay Rate or accurate wage statements with each payment of their wages, Plaintiff Coyotecatl and other employees were prevented from: (i) comparing their rate of pay to

their hours worked; (ii) realizing that they were underpaid; and (iii) advocating for themselves and/or taking appropriate action to obtain the payments due to them.

## FLSA COLLECTIVE ACTION CLAIMS

63. Plaintiff Coyotecatl brings his FLSA overtime compensation, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA Class members"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period").

64. At all relevant times, Plaintiff Coyotecatl and other members of the FLSA Class were similarly situated in that they had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required overtime pay at a one and one-half their regular rates for work in excess of forty (40) hours per workweek under the FLSA, and willfully failing to keep records under the FLSA.

65. The claims of Plaintiff Coyotecatl stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION
## VIOLATION OF THE OVERTIME PROVISIONS OF THE FAIR LABOR STANDARDS ACT

66. Plaintiff Coyotecatl repeats and realleges all paragraphs above as though fully set forth herein.

67. At all times relevant to this action, Defendants were Plaintiff Coyotecatl's employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d). Defendants had the power

to hire and fire Plaintiff Coyotecatl (and the FLSA Class Members), controlled the terms and conditions of their employment, and determined the rate and method of any compensation in exchange for their employment.

68. At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

69. Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

70. Defendants, in violation of 29 U.S.C. § 207(a)(1), failed to pay Plaintiff Coyotecatl (and the FLSA Class members) overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

71. Defendants' failure to pay Plaintiff Coyotecatl (and the FLSA Class members), overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

72. Plaintiff Coyotecatl (and the FLSA Class members) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION
## VIOLATION OF THE OVERTIME PROVISIONS OF THE NEW YORK STATE LABOR LAW

73. Plaintiff Coyotecatl repeats and realleges all paragraphs above as though fully set forth herein.

74. Defendants, in violation of N.Y. Lab. Law § 190 *et seq.*, and supporting regulations of the New York State Department of Labor, failed to pay Plaintiff Coyotecatl overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

75. Defendants' failure to pay Plaintiff Coyotecatl overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

76. Plaintiff Coyotecatl was damaged in an amount to be determined at trial.

**THIRD CAUSE OF ACTION**
**VIOLATION OF THE SPREAD OF HOURS WAGE ORDER OF THE NEW YORK COMMISSIONER OF LABOR**

77. Plaintiff Coyotecatl repeats and realleges all paragraphs above as though fully set forth herein.

78. Defendants failed to pay Plaintiff Coyotecatl (and the FLSA Class members) one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiff Coyotecatl's spread of hours exceeded ten hours in violation of NYLL §§ 650 *et seq*. and 12 N.Y.C.R.R. §§ 146-1.6.

79. Defendants' failure to pay Plaintiff Coyotecatl (and the FLSA Class members) an additional hour's pay for each day Plaintiff Coyotecatl's spread of hours exceeded ten hours was willful within the meaning of NYLL § 663.

80. Plaintiff Coyotecatl (and the FLSA Class members) were damaged in an amount to be determined at trial

**FOURTH CAUSE OF ACTION**
**VIOLATION OF THE NOTICE AND RECORDKEEPING REQUIREMENTS OF THE NEW YORK LABOR LAW**

81. Plaintiff Coyotecatl repeats and realleges all paragraphs above as though fully set forth herein.

82. Defendants failed to provide Plaintiff Coyotecatl with a written notice, in English and in Spanish (Plaintiff Coyotecatl's primary language), containing: the rate or rates of pay and basis

thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

83. As a result of Defendants' failure to furnish an accurate wage notice to Plaintiff Coyotecatl, Defendants violated the NYLL and/or applicable regulations thereunder, including, inter alia, NYLL § 195.

84. Defendants are liable to Plaintiff Coyotecatl in the amount of $5,000, together with costs and attorneys' fees.

## FIFTH CAUSE OF ACTION
## VIOLATION OF THE WAGE STATEMENT PROVISIONS OF THE NEW YORK LABOR LAW

85. Plaintiff Coyotecatl repeats and realleges all paragraphs above as though fully set forth herein.

86. With each payment of wages, Defendants failed to provide Plaintiff Coyotecatl with an accurate statement listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

87. As a result of Defendants' failure to furnish accurate statements to Plaintiff Coyotecatl, Defendants violated the NYLL and/or applicable regulations thereunder, including, inter alia, NYLL § 195.

88. Defendants are liable to Plaintiff Coyotecatl in the amount of $5,000, together with costs and attorneys' fees.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Coyotecatl respectfully requests that this Court enter judgment against Defendants by:

(a) Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated persons;

(b) Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Coyotecatl and the FLSA Class members;

(c) Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff Coyotecatl's and the FLSA Class members' compensation, hours, wages, and any deductions or credits taken against wages;

(d) Declaring that Defendants' violations of the provisions of the FLSA were willful as to Plaintiff Coyotecatl and the FLSA Class members;

(e) Awarding Plaintiff Coyotecatl and the FLSA Class members damages for the amount of unpaid overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(f) Awarding Plaintiff Coyotecatl and the FLSA Class members liquidated damages in an amount equal to 100% of his damages for the amount of unpaid overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA

as applicable pursuant to 29 U.S.C. § 216(b);

(g) Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Coyotecatl;

(h) Declaring that Defendants violated the spread-of-hours requirements of the NYLL and supporting regulations as to Plaintiff Coyotecatl;

(i) Declaring that Defendants violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiff Coyotecatl's compensation, hours, wages and any deductions or credits taken against wages;

(j) Declaring that Defendants' violations of the provisions of the NYLL were willful as to Plaintiff Coyotecatl;

(k) Awarding Plaintiff Coyotecatl damages for the amount of unpaid overtime compensation, and for any improper deductions or credits taken against wages, as well as awarding spread of hours pay under the NYLL, as applicable

(l) Awarding Plaintiff Coyotecatl damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(m) Awarding Plaintiff Coyotecatl liquidated damages in an amount equal to one hundred percent (100%) of the total amount of SPREAD OF HOURS PAY AND overtime compensation shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(n) Awarding Plaintiff Coyotecatl and the FLSA Class members pre-judgment and post-judgment interest as applicable;

(o) Awarding Plaintiff Coyotecatl and the FLSA Class members the expenses incurred in this action, including costs and attorneys' fees;

(p) Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(q) All such other and further relief as the Court deems just and proper.

**JURY DEMAND**

Plaintiff Coyotecatl demands a trial by jury on all issues triable by a jury.

Dated: New York, New York
August 25, 2026

MICHAEL FAILLACE & ASSOCIATES, P.C.

By: */s/ Michael Faillace*
Michael Faillace [MF-8436]
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
michael@faillacelaw.com
*Attorneys for Plaintiff*

# Michael Faillace & Associates, P.C.

Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

michael@faillacelaw.com

August 13, 2026

BY HAND

TO: Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre: Gabriel Coyotecatl

Legal Representative / Abogado: Michael Faillace & Associates, P.C.

Signature / Firma: [signature]

Date / Fecha: August 13, 2026